**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee, <br><br> *Plaintiffs*, <br> v. <br><br> DOUBLE J WHITETAILS, L.L.C., an Alabama limited liability company; and JORDAN & JORDAN CONTRACTING, INC., an Alabama corporation, <br><br> *Defendants*. | Case No. 18-cv-3905 <br><br> Judge <br><br> Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., one of its present trustees, for a cause of action against Defendants allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001, *et seq.* This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and

Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Rosemont, Illinois.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Arthur H. Bunte, Jr. is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Arthur H. Bunte, Jr., are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Double J Whitetails, L.L.C. ("Double J") is a limited liability company organized under the laws of the State of Alabama.

8. Defendant Jordan & Jordan Contracting, Inc. ("Jordan & Jordan") is a corporation organized under the laws of the State of Alabama.

9. Non-party Alegion, Inc. ("Alegion") is a corporation organized under the laws of the State of Alabama.

10. Non-party David Jordan is an individual who resides in the State of Alabama.

11. Non-party Tammy Jordan is an individual who resides in the State of

Alabama.

12. During all relevant periods of time, David Jordan and Tammy Jordan were married.

## FACTUAL BACKGROUND

### A. The Alegion Controlled Group

13. On or about November 16, 2011, David Jordan and Tammy Jordan directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Alegion.

14. On or about November 16, 2011, David Jordan and Tammy Jordan directly or indirectly owned at least 80% of the total ownership interests of Double J.

15. On or about November 16, 2011, David Jordan and Tammy Jordan directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Jordan & Jordan.

16. On or about November 16, 2011, Alegion, Double J, and Jordan & Jordan were a group of trades or businesses under common control (the "Alegion Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

17. The Alegion Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

18. During all relevant times, Alegion was bound by collective bargaining

agreements, pursuant to which Alegion was required to make contributions to the Pension Fund on behalf of certain of its employees.

19. The Pension Fund determined that on or about November 16, 2011, the Alegion Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

20. As a result of this complete withdrawal, the Alegion Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $392,110.23, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "Withdrawal Liability").

21. On or about November 14, 2017, the Alegion Controlled Group, through Alegion, received a notice and demand for payment of the Withdrawal Liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice demanded full payment of the entire amount of the Withdrawal Liability by December 1, 2017, or payment by 88 monthly installments of $5,558.17 commencing on December 1, 2017, with a final payment of $2,134.01 due on April 1, 2025.

22. On or about December 21, 2017, the Alegion Controlled Group, through Alegion, received a notice from the Pension Fund pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising that its Withdrawal Liability payments were past due, and which forewarned the Alegion Controlled Group, through Alegion, of the consequences of its failure to pay such Withdrawal Liability.

### B. The Alegion Lawsuit and Bankruptcy

23. On February 27, 2018, the Pension Fund and Arthur H. Bunte, Jr., as trustee, filed a lawsuit against Alegion in the United States District Court for the Northern District of Illinois in a case captioned *Central States, Southeast and Southwest Areas Pension Fund, et al. v. Alegion, Inc.*, Case No. 18-cv-1471, to collect the Withdrawal Liability, interest, and penalties incurred by Alegion as a result of its withdrawal from the Pension Fund, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b).

24. On March 29, 2018, Alegion filed a Chapter 11 bankruptcy in the United States Bankruptcy Court for the Middle District of Alabama in a case captioned *In re Alegion, Inc.*, Case No. 18-30912.

### CLAIM FOR RELIEF

25. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. The Alegion Controlled Group did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

27. The Alegion Controlled Group failed to remit the required Withdrawal Liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

28. Each of the Defendants, as members of the Alegion Controlled Group, is jointly and severally liable to the Pension Fund for the Withdrawal Liability.

**WHEREFORE,** Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., Trustee, request the following relief:

(a) A judgment against Defendants, jointly and severally, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for --

    (i) the past due withdrawal liability in the amount of $392,110.23;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii) an amount equal to the greater of interest on the past due withdrawal liability or liquidated damages of 20% of the past due withdrawal liability; and

    (iv) attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) For such further or different relief as this Court may deem proper and just.

[*Signature on following page.*]

                Respectfully submitted,

                */s/ Lois J. Yu*
                Lois J. Yu, Attorney (ARDC #6321772)
                Attorney for Plaintiffs
                CENTRAL STATES FUNDS
                Law Department
                9377 W. Higgins Road, 10th Floor
                Rosemont, Illinois 60018-4938
                (847) 939-2116
June 5, 2018           lyu@centralstatesfunds.org